DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1880.

---

RICHARD WOOD ET AL., PLAINTIFFS IN ERROR, v. ISRAEL
SHELDON, DEFENDANT IN ERROR.

1. The legal rules that apply to the sale of a non-negotiable certificate
of indebtedness, issued by a corporation, are the same that obtain
when a chattel is sold, and there is, consequently, under ordinary cir-
cumstances, a warranty implied on such sale.

2. The plaintiff purchased of the defendant, through a broker, what
purported to be a certificate of the Citizens' Gas Light Company,
declaring a scrip dividend of ten per cent. on the amount of its capital
stock, with interest, payable at the option of the company. This cer-
tificate was shown to be spurious, and had been declared void by a
decree in chancery. *Held*—The plaintiff was entitled to recover the
money thus paid, from the defendant.

---

Writ of error to the Supreme Court, bringing up a judg-
ment entered on a special verdict taken at the Essex Circuit.

For the plaintiff in error, *P. L. Voorhees* cited:

*Atwood* v. *Smith*, 6 *Cl. & Fin.* 443; *Smith* v. *Kay*, 7 *H. L.
Cas.* 774; *Chandelor* v. *Lopus*, 1 *Sm. Lead. Cas.* 253; *Stone*

421

Wood v. Sheldon.

v. *Denny*, 4 *Metc.* 151; *Freeman* v. *Baker*, 5 *B. & Ad.* 797; *Allen* v. *Wanamaker*, 2 *Vroom* 370; *Chantry* v. *Hopkins*, 4 *M. & W.* 399; *Osborne* v. *Gante*, 60 *N. Y.* 450; *Jennings* v. *Gratz*, 3 *Rawle* 169; *Kirk* v. *Nice*, 2 *Watts* 367; *Holden* v. *Dakin*, 4 *Johns.* 421; *Hawkins* v. *Pemberton*, 51 *N. Y.* 198; *Wolcott* v. *Mount*, 9 *Vroom* 496; *Moses* v. *Mead*, 1 *Denio* 378; *Beninger* v. *Corwin*, 4 *Zab.* 257; *Renton* v. *Maryott*, 6 *C. E. Green* 123; *Welsh* v. *Carter*, 1 *Wend.* 185; *Fitch* v. *Archibald*, 5 *Dutcher* 160; *Oneida Mfg. Co.* v. *Lawrence*, 4 *Cow.* 440; *Webb* v. *Odell*, 49 *N. Y.* 583; *Ledwich* v. *McKim*, 53 *N. Y.* 307; *Calvert Bank* v. *Morton*, 4 *Gray* 156; *Lobdell* v. *Baker*, 1 *Metc.* 193; *Merriam* v. *Wolcott*, 3 *Allen* 258; *Eaton* v. *Mellus*, 7 *Gray* 566; *Dexter* v. *Manley*, 4 *Cush.* 24; *Delaware Bank* v. *Jarvis*, 20 *N. Y.* 227; *Gompertz* v. *Bartlett*, 2 *E. & B.* 849; *Gurney* v. *Wormersley*, 4 *E. & B.* 133; *Jones* v. *Ryde*, 5 *Taunt.* 488; *Young* v. *Cole*, 3 *Bing. N. Cas.* 724; *Mitchell* v. *Newhall*, 15 *M. & W.* 308; *Remphry* v. *Butler*, *E., B. & E.* 887; *Pooley* v. *Brown*, 11 *C. B.* 556; *Shay* v. *Russell*, 1 *E. & E.* 888; *Lawes* v. *Purser*, 6 *E. & B.* 930; *Buddick* v. *Alexander*, 2 *La. Ann.* 563; *Fisher* v. *Riceman*, 12 *Md.* 497; *Cunningham* v. *Speer*, 12. *Johns.* 392; *Peckham* v. *Ketchum*, 5 *Bosw.* 506; *Smith* v. *Tracy*, 36 *N. Y.* 79; *Lipscomb* v. *Kitnell*, 11 *Humph.* 236; *Athenæum Life Ins. Co.* v. *Pooley*, 3 *De G. & J.* 249; *Marsh* v. *Fulton Co.*, 10 *Wall.* 676.

For the defendant in error, *F. A. Johnson* and *H. C. Pitney* cited:

*Bailey* v. *Gas Co.*, 12 *C. E. Green* 197; *Kennedy* v. *Panama Mail Co.*, *L. R.*, 2 *Q. B.* 580; *Young* v. *Cole*, 3 *Bing.* 723; *Gompertz* v. *Bartlett*, 2 *E. & B.* 849; *Jones* v. *Ryde*, 5 *Taunt.* 166; *Gurney* v. *Wormersley*, 4 *E. & B.* 133; *Terry* v. *Bissell*, 26 *Conn.* 23; *Merriam* v. *Wolcott*, 3 *Allen* 258; *Aldrich* v. *Jackson*, 5 *R. I.* 218; *Giffert* v. *West*, 33 *Wis.* 617; *Dumont* v. *Williamson*, 18 *Ohio St.* 515; *Frazer* v. *D'Invilliers*, 2 *Penn. St.* 200; *Snyder* v. *Reno*, 38 *Iowa* 329; *Littauer* v. *Goldman*, 9 *Hun* 231; *Challis* v. *McCrum*, *Alb. L. J.*, Sept. 13th, 1879;

*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 *N. Y.* 592; *Kimpson* v. *Saunders*, 4 *Bing.* 5; *Mitchell* v. *Newhall*, 15 *M. & W.* 508; *Wilkinson* v. *Lloyd*, 7 *Q. B.* 27; *Stone* v. *Frost*, 61 *N. Y.* 614; *Lambert* v. *Heath*, 15 *M. & W.* 486; *Remphry* v. *Butler*, *E., B. & E.* 887; *Pooley* v. *Brown*, 2 *C. B.* 566.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The problem which the court is called on to solve, in this case, arises out of the following transaction: The defendants, in the court below, and who are now the plaintiffs in this writ of error, were stockholders in the Citizens' Gas Light Company of Newark, when the board of directors of that corporation passed a resolution declaring a scrip dividend of ten per cent. on the amount of the capital stock, with interest, payable at the option of the company, and in pursuance thereof, issued to the defendants the certificate set out in the special verdict, and which, through the mediation of a broker, was purchased of them by the plaintiff. This instrument certifies that the defendants are entitled to the sum of $1640, "payable ratably with other cer·tificates issued pursuant to said resolution," at the pleasure of the company, with interest at the rate of seven per cent. per annum. It is further found that, in a certain suit in the Court of Chancery, that this and the other certificates of indebtedness of the same class, were illegally and fraudulently issued, and it was decreed that they should be delivered up to be canceled. This having been done, the defendant in error brought this action to recover the money paid by him in this transaction.

The defence set up to this claim is, that there was no warranty annexed to this sale, and that the plaintiff got the certificate of indebtedness, which was the thing he bargained for.

But this position rests, plainly, I think, on a false basis. The plaintiff did not bargain for the certificate, but for the money of which the certificate purported to be the evidence of title. It serves to simplify the point to keep in mind the·

circumstance that this certificate is not a negotiable instrument, so that the rule of law pertinent to this matter is the rule that applies in the sale of an ordinary, uncommercial chose in action. The legal regulations which appertain to a sale of such an interest, do not differ from those that attend the sale of a chattel. If a person sells a bond, in the absence of a special bargain, the legal incidents of the transaction are the same as if the article sold had been a horse. In both instances, under ordinary circumstances, there is an implied warranty of title in the thing sold, by the vendor. Mr. Benjamin, in his work on Sales, states what he conceives to be the English rule at the present day, in these words, page 557: " A sale of personal chattels implies an affirmation by the vendor, that the chattel is his, and therefore he warrants the title, unless it be shown, by the facts and circumstances of the sale, that the vendor did not intend to assert ownership, but only to transfer such interest as he might have in the chattel sold." This is the well-known American doctrine. Applying this principle in the present instance, it is clear that, under the conditions of the sale, the defendants, by the mere act of selling, impliedly held out that the title to this money was in them, and the certificate itself contained that averment. It certified that the sum mentioned was due from the company to the defendants, and by the transfer of the certificate, the defendants adopted that statement. In point of fact, there was no debt or money due, or corporate liability of any kind. There was nothing to sell, and, consequently, the defendants had no title to that which they undertook to sell. The ill-founded belief of the defendants, that they were possessed of a good title, is an ingredient of the case of no value, for the ground of recovery is not deceit, but warranty.

Looking thus at the facts before the court, in the light of legal principles, I have felt no difficulty in reaching this result, nor do the authorities appear to be in any degree adverse to such a view. The only case to which my attention has been called, that seems to wear a hostile semblance, is that of *Lettauer* v. *Goldman*, 72 *N. Y.* 506, but, on examination,

it will be perceived that that decision is rested on a circumstance that is wanting in the present case, for the court expressly states that the rule adopted and enforced is applicable only to a contract by force of which negotiable paper is transferred. The case referred to decided that the holder of a promissory note, which was tainted with usury, and was therefore void, could not be held liable, he having transferred it for a valuable consideration, and without knowledge, on his part, of such defect. This judgment is admittedly supported by no precedent, and if we reason by analogy, there seems to be strong ground to call it in question; but, as the authority is irrelevant to the present case, it is unnecessary to pause upon it.

The other decisions, as it appears to me, lay down principles that favor an affirmance of the present judgment. Among these, *Young* v. *Cole*, 3 *Bing. N. Cas.* 724, is a case of mark. In that case, the plaintiff was a stock broker, and had sold for the defendant four Guatemala bonds, and had paid him the price. The bonds, after they had been in the hands of the purchaser two days, were discovered to be worthless, for want of being properly stamped; thereupon, the broker took them back, and, having reimbursed the purchaser, brought suit against the person for whom he had made such sale. It was held he was entitled to recover. The court, in assigning its reasons for this course, said: "It seems, therefore, that the consideration on which the plaintiff paid his money, has failed as completely as if the defendant had contracted to sell foreign gold coin, and had handed over counters instead." In the case now pending, what was purchased was a debt due from this gas company, and what was received was a paper which, at the time, had no value, and which never had possessed any.

*Gompertz* v. *Bartlett*, 2 *E. & B.* 849, is a case noticeable in this connection. An unstamped bill of exchange, endorsed in blank, was sold without recourse by the holder, who was not a party to the bill. The instrument proved to have been drawn in England, and was unavailable for want of a stamp,

the vendor and purchaser, at the time of the sale, being both alike ignorant of the defect. The decision was that the money so paid for the bill could be recovered, the ground being that the article sold, as a foreign bill, did not answer the description by which it was sold. In the present case, the thing ostensibly sold had never had a legal existence, so that it could not correspond with its description at the time of sale. It will be observed that these two cases are so much the stronger on the point in question, as they relate to commercial paper, which, from its peculiar nature, has a certain merchantable quality attached to it, so that when it is sold without recourse, the inference is not altogether unreasonable that it was the understanding that the purchaser assumed some of the risks touching its validity. But such an implication is entirely out of place where the transaction is an assignment of an ordinary chose in action, for then the thing sold constitutes the entire consideration of the purchase, the bill of sale or certificate of transfer having no separate value of its own.

Nor should these remarks be closed without a reference to the important case of *Thrall* v. *Newell*, 19 *Vt.* 208, in which it was decided that an assignment that described the instrument assigned as " a note," amounted to a warranty that such note was a valid one so far as respected the capacity of the maker to enter into the contract. In that case, the note was void because of the insanity of the drawer of the note, and it was held that the money paid for such note could be recovered. The court also express a very decided opinion that if the affair had been devoid of any written contract, the defendant would have been liable to repay the money received by him for such void instrument, inasmuch as a warranty of the legal existence of the note would have been implied by law from the sale of it.

The cases cited in the brief of the counsel of the plaintiff in error, appear to me wanting in pertinency. They are decisions elucidating or enforcing the rule of *caveat emptor,* which it is insisted applies as well to a sale of stocks as to

chattels. But that rule, in all cases, is applicable only to the quality of the thing sold, and not to its title. So it has no relevancy where a nonentity has been the subject of a sale. The precedents cited which maintain the principle that where a person gets what he intended to purchase, he cannot repudiate the bargain, no matter how worthless the thing so obtained may be, certainly can have no application to this case, in which the vendee did not get what he expected to get. Both parties to the present contract thought that he was obtaining a valid obligation of this gas company, binding them to pay this large sum of money. Instead of this, a nullity was passed to him.

The judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, DODD, GREEN, LATHROP, WALES—13.

*For reversal*—None.